

A PROFESSIONAL CORPORATION

Joseph H. Lemkin
DIRECT DIAL NUMBER
(609) 719-7022
DIRECT FAX NUMBER
(609) 895-7395
E-MAIL
Jlemkin@stark-stark.com

**ATTORNEYS AT LAW**

OFFICE:  993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ  08543-5315

609-896-9060 (PHONE)    609-896-0629 (FAX)

WWW.STARK-STARK.COM

October 23, 2019

**Via ECF and E-mail**
Honorable Michael B. Kaplan, Chief USBJ
U.S. Bankruptcy Court
402 East State Street
Trenton, New Jersey 08608

**Re:    In re Log Storm Security, Inc.,**
**Chapter 11 Case No. 20-12043(MBK)**
**Hearing Date: July 8, 2021**

Dear Judge Kaplan:

This office represents Castle Shield Holdings, LLC ("Castle Shield") in the above-referenced bankruptcy proceeding.  Castle Shield submits this correspondence in lieu of a more formal pleading in response to the US Trustee's Motion to Convert to Chapter 7 or in the Alternative Dismiss the Bankruptcy Proceeding (the "Motion").

By way of brief background, the Debtor's First Amended Chapter 11 Plan (the "Plan") was approved by order of this Court entered on September 1, 2020 (the "Confirmation Order"). Pursuant to the Confirmation Order Castle Shield was the successful bidder for the purchase of certain assets of the Debtor and assignee of certain contracts.  Castle Shield has performed its obligations under the Confirmation Order by, among other things, granting security interests to secured creditors, providing certain guarantees, and remitting payments in accordance with the Confirmation Order to the Debtor.  Specifically, on the Effective Date, November 16, 2020, Castle Shield wired counsel to the Debtor, McManimon, Scotland & Baumann, LLC $100,000.00.  Also, two payments have been sent to the Debtor's distribution agent under the plan, Rock Creek Advisors.  One payment in the amount of $6,241.43, and just this week another quarterly payment of $12,639.42 was transmitted to Rock Creek.  Payments under the Confirmation Order are required for the next several years.

To the extent the Court is inclined to grant the Motion, Castle Shield submits that the case should be converted and not dismissed.  It is our understanding that the Debtor does not have access to its own DIP account, nor has it filed required reports.  A Chapter 7 Trustee would beneficial in terms of ensuring performance and payments in accordance with the Confirmation Order.

1

Dismissal would not be beneficial to Castle Shield or the estate.  Given the payments remitted by Castle Shield, the estate should have resources to pay open quarterly fees to the US Trustee.

In conclusion, to the extent the Court is inclined to grant the Motion, Castle Shield believes that the case should be converted, not dismissed.

Respectfully submitted,

STARK & STARK
A Professional Corporation

/s/ *Joseph H. Lemkin*
Joseph H. Lemkin

cc:      US Trustee via ECF

4851-2118-6544, v. 1